**CLIFFORD, Superintendent of Department of Labor and Industries, et al. v. MILLER, Alien Property Custodian.**

(Circuit Court of Appeals, Ninth Circuit. March 14, 1923. Rehearing Denied April 16, 1923.)

No. 3944.

**Courts ⬅️303(2)—Suits against officers to compel performance of ministerial duty not "suit against state."**

A suit by the Alien Property Custodian against officers of a department created by a state for administration of a Workmen's Compensation Act, to compel delivery to complainant, as legal successor to the rights of alien enemy claimants, of warrants issued in favor of such claimants and held by defendants, and vouchers showing the allowance of compensation to other such claimants, requires only the performance by defendants of ministerial duties imposed by the state law, and is not a "suit against the state."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit against the State.]

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Suit in equity by Thomas W. Miller, Alien Property Custodian, against Edward Clifford, Superintendent of the Department of Labor and Industries of the State of Washington, and another. Decree for complainant, and defendants appeal. Affirmed.

Lindsay L. Thompson, Atty. Gen., and John H. Dunbar, Asst. Atty. Gen., of State of Washington, and E. Heister Guie and Dallas V. Halverstadt, both of Seattle, Wash., for appellants.

H. G. Rowland, of Tacoma, Wash. (Dix H. Rowland, of Tacoma, Wash., of counsel), for appellee.

Before GILBERT, MORROW, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. Speaking generally, the Workmen's Compensation Act of the state of Washington (Rem. Code 1915, §§ 6604—1 to 6604—32) abolishes civil actions and civil causes of action as between employer and employee, in certain cases, and substitutes a system of compensation in their place. On or before January 15th of each year employers engaged in employments classed as extrahazardous are required to pay into the accident fund in the state treasury a fixed percentage of their total pay roll of that year, and a schedule of awards for injured employees, or their dependents, in case of death, is provided, payable from the accident fund. A department for the administration of the act is created, and claims for compensation must be filed with the department within one year. All claims thus presented are examined by the department, and a court review is provided for. Disbursements out of the accident fund can only be made upon warrants drawn by the state auditor upon vouchers therefor transmitted to him by the department and audited by him. Such warrants are paid by the state treasurer out of the accident fund upon which they are drawn. Rem. Code 6604—1 et seq.

Many claims for compensation arising under this act have been presented by alien enemies. In some cases warrants have been issued and are now in the custody of the defendants for delivery, while in other cases the claims have been allowed and approved by the department, and the state auditor is ready and willing to issue warrants upon the presentation of vouchers, but the defendants have refused and still refuse to issue or transmit the necessary vouchers. The present suit was instituted by the Alien Property Custodian to obtain possession of the warrants already issued and to compel the defendants to issue and transmit proper vouchers, so that the remaining warrants can be obtained. A list of the warrants issued and of the claims allowed and approved is attached to the complaint and final decree. The defendants interposed a motion to dismiss, on the ground that the suit was against the state of Washington, and that the court was therefore without jurisdiction over either the subject-matter of the suit, or the parties thereto. The motion was denied, the defendants refused to plead further, and a final decree was entered against them. The decree directed the defendants to forthwith deliver to the plaintiff the warrants heretofore issued and to issue and transmit vouchers for the claims allowed and approved. From the final decree this ap-

peal is prosecuted, and the want of jurisdiction in the court below is the sole question presented for our consideration.

The question whether a suit against state officers is a suit against the state, within the meaning of the Eleventh Amendment, has been the subject of consideration by the Supreme Court in many cases. Discussing that question in Board of Liquidation et al. v. McComb, 92 U. S. 531, 541 (23 L. Ed. 623), the court said:

"On this branch of the subject the numerous and well-considered cases heretofore decided by this court leave little to be said. The objections to proceeding against state officers by mandamus or injunctions are: First, that it is, in effect, proceeding against the state itself; and, secondly, that it interferes with the official discretion vested in the officers. It is conceded that neither of these things can be done. A state, without its consent, cannot be sued by an individual; and a court cannot substitute its own discretion for that of executive officers in matters belonging to the proper jurisdiction of the latter. But it has been well settled that, when a plain official duty, requiring no exercise of discretion, is to be performed, and performance is refused, any person who will sustain personal injury by such refusal may have a mandamus to compel its performance; and when such duty is threatened to be violated by some positive official act, any person who will sustain personal injury thereby, for which adequate compensation cannot be had at law, may have an injunction to prevent it. In such cases, the writs of mandamus and injunction are somewhat correlative to each other."

In the Virginia Coupon Cases, 114 U. S. 270, 293, 5 Sup. Ct. 903, 915 (29 L. Ed. 185), the court said:

"Tried by every test which has been judicially suggested for the determination of the question, this cannot be considered to be a suit against the state. The state is not named as a party in the record; the action is not directly upon the contract; it is not for the purpose of controlling the discretion of executive officers, or administering funds actually in the public treasury, as was held to be the case in Louisiana v. Jumel, 107 U. S. 711; it is not an attempt to compel officers of the state to do the acts which constitute a performance of its contract by the state, as suggested by a minority of the court in Antoni v. Greenhow, 107 U. S. 769, 783; nor is it a case where the state is a necessary party, that the defendant may be protected from liability to it, after having answered to the present plaintiff."

In Pennoyer v. McConnaughy, 140 U. S. 1, 10, 11 Sup. Ct. 699, 701 (35 L. Ed. 363), the court said:

"The first class is where the suit is brought against the officers of the state, as representing the state's action and liability, thus making it, though not a party to the record, the real party against which the judgment will so operate as to compel it to specifically perform its contracts. * * * The other class is where a suit is brought against defendants who, claiming to act as officers of the state, and under the color of an unconstitutional statute, commit acts of wrong and injury to the rights and property of the plaintiff acquired under a contract with the state. Such suit, whether brought to recover money or property in the hands of such defendants, unlawfully taken by them in behalf of the state or for compensation in damages, or in a proper case where the remedy at law is inadequate, for an injunction to prevent such wrong and injury, or for a mandamus, in a like case, to enforce upon the defendant the performance of a plain legal duty, purely ministerial, is not, within the meaning of the Eleventh Amendment, an action against the state."

In Rolston v. Missouri Fund Com'rs, 120 U. S. 390, 411, 7 Sup. Ct. 599, 610 (30 L. Ed. 721), the court said:

"It is next contended that this suit cannot be maintained because it is in its effect a suit against the state, which is prohibited by the Eleventh Amendment of the Constitution of the United States, and Louisiana v. Jumel, 107 U. S. 711, is cited in support of this position. But this case is entirely different from that. There the effort was to compel a state officer to do what a statute prohibited him from doing. Here the suit is to get a state officer to do what a statute requires of him."

Measured by these rules, the present suit is not against the state. The Alien Property Custodian has merely succeeded to the rights and remedies of the alien enemy; and had an alien enemy prosecuted a suit in a proper court of the state against these appellants to compel them to issue and transmit the necessary voucher, or to deliver over to him a warrant already issued, it would scarcely be contended that such a proceeding was a suit against the state, or that it could not be prosecuted without the state's consent. It would be but the simplest form of proceeding to enforce the performance of a plain ministerial duty imposed by law, involving the exercise of neither judgment nor discretion. Nor can it be said that the character of the suit is changed by the intervention of the Alien Property Custodian. That officer is invested by law with all the rights of the alien enemy, and is entitled to the possession of all property belonging to the alien enemy, including the warrants and claims in suit. No relief whatever is sought against the state and no attempt is made to control the discretion of its executive officers or to administer funds in the public treasury. In this respect the case differs widely from Lankford v. Platte Iron Works, 235 U. S. 461, 35 Sup. Ct. 173, 59 L. Ed. 316, and kindred cases cited by the appellants. In the Lankford Case the court awarded a money judgment to the plaintiff and decreed that it was entitled to have the same paid out of the depositors' guaranty fund created under and by virtue of the laws of the state of Oklahoma. Had the appellee here sought the same measure of relief, there would be some analogy between the two cases. But, as already stated, neither the state nor its funds are affected by the decree in the remotest way, and no attempt is made to control the judgment or discretion of state officers.

We are therefore of opinion that the suit is not against the state, and the decree of the court below is accordingly affirmed.